# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MYRON A. GLADNEY,

        Plaintiff,

v.

RANDALL R. HEPP, CHRIS O'DONNELL, and SCOTT KINNARD,

        Defendants.

Case No. 24-CV-1452-JPS

**ORDER**

Plaintiff Myron A. Gladney, an inmate confined at Kettle Moraine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. This Order screens Plaintiff's complaint and resolves his motion for leave to proceed without prepaying the filing fee, motion for an extension of time, and motion to notify the officer in charge of remaining balance of PLRA filing fee to be deducted from Plaintiff's release account.

**1.  MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 26, 2024, the Court ordered Plaintiff to pay the initial partial filing fee of $57.36. ECF No. 8. On December 30, 2024, Plaintiff filed a motion for an extension of time to pay the initial partial filing fee. ECF No, 9. Plaintiff paid the initial partial filing fee on January 21, 2025. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, and will deny the motion for an extension of time, ECF No. 9, as moot. The Court will also grant Plaintiff's motion to notify the officer in charge of remaining balance of PLRA filing fee to be deducted from Plaintiff's release account. ECF No. 10.

While it is true that the Court has the authority to order disbursements from a prisoner's release account for payment of an initial partial filing fee, *see, e.g., Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002), it is less clear that the court can authorize a prisoner to tap into his release account to pay current (or future) litigation costs. "Nothing in the [PLRA] can be interpreted as congressional intent that prisoners deplete savings or release account balances in order to pay off their filing fee debts." *Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so) (citations omitted).

Notwithstanding the foregoing, however, the Court concludes that under the circumstances of this case, such authorization should be given. Plaintiff notes that he is serving a mandatory life sentence and that his first opportunity for parole is December 18, 2071. ECF No. 10 at 2. Plaintiff also notes that he is not a litigious filer and that he currently has only one civil lawsuit pending. *Id.* at 3. As such, and specifically under these

circumstances, the Court will grant Plaintiff's motion to pay the remainder of the filing fee from his release account.

2.      SCREENING THE COMPLAINT

    2.1     Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff brings this case against Defendants Randall R. Hepp ("Hepp"), Chris O'Donnell ("O'Donnell"), and Scott Kinnard ("Kinnard"). ECF No. 1 at 1. Plaintiff alleges that he was completely deprived of the ability to exercise for a period of seven months. *Id.* at 2. On March 30, 2023, Waupun Correctional Institution ("WCI") was placed on lockdown on orders from Hepp. *Id.* On May 26, 2023, Plaintiff was housed in a double man cell where he and his cellmate were confined twenty-four hours per day for seven months with the exception of a fifteen-minute shower once a week. *Id.* Plaintiff alleges that the small size of his cell prevented him from engaging in any meaningful exercise activity. *Id.* at 3. On September 8, 2023, Plaintiff began filing inmate complaints regarding his inability to exercise. *Id.* On September 30, 2023, Hepp dismissed Plaintiff's complaint. *Id.* at 5. On November 6, 2023, O'Donnell dismissed the appeal. *Id.* at 7.

On November 12, 2023, Plaintiff submitted a health service request indicating that he had been deprived out of cell recreation for 225 days and that he was suffering from excruciating headaches, back spasms, and knee and elbow swelling due to the lack of exercise. *Id.* at 9. Plaintiff continued to suffer both physically and mentally as a result of his inability to exercise. *Id.*

On January 3, 2024, Plaintiff submitted a request to Kinnard regarding the inability to exercise. *Id.* at 12. Plaintiff's request indicated that

Kinnard had told inmates they needed to convince their cellmate to stand for count or else they would be prevented from participating in recreation. *Id.* at 12–13. Kinnard responded that anyone who makes a claim of not going to recreation due to a cellmate's actions should write to Sgt. Manthie for a move to a cell with a complain person. *Id.* at 13. No facts suggest that Kinnard took any action to allow Plaintiff recreation time as a result of his request. *Id.* Plaintiff submitted an inmate complaint about this incident. *Id.* Plaintiff maintained that he always stood for count and did not disobey the rules; however, he was still denied recreation because of his cellmate's actions. *Id.* Hepp dismissed this complaint on January 30, 2024. *Id.* at 14. O'Donnell dismissed the appeal on February 21, 2024. *Id.* 16.

The denial of recreation continued until May 27, 2024, when WCI discontinued this policy. *Id.* at 17. Plaintiff maintains that Defendants were aware of Plaintiff's inability to exercise during this time period and turned a blind eye to his suffering and requests for relief in his inmate complaints. *Id.* at 18.

### 2.3 Analysis

The Court finds that Plaintiff may proceed on an Eighth Amendment conditions of confinement claim against Hepp, O'Donnell, and Kinnard. A prisoner's claim of unconstitutional conditions of confinement is analyzed under the Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). A prisoner is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but

Page 5 of 10
Case 2:24-cv-01452-JPS   Filed 03/25/25   Page 5 of 10   Document 11

neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013). The Seventh Circuit has made clear that preventing inmates from exercising for prolonged periods may violate the Eighth Amendment. *James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017) (citing *Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013)).

Here, Plaintiff has sufficiently stated an Eighth Amendment conditions of confinement claim against Hepp, O'Donnell, and Kinnard for denying him exercise for seven months. Plaintiff alleges that he was confined to his cell twenty-four hours per day as a result of the lockdown and that it was too small to do any meaningful exercise. Plaintiff alleges serious physical and mental harm as a result of no exercise. Plaintiff also alleges that he notified Defendants of his issue, and they turned a blind eye to his suffering. At the screening stage, the Court therefore finds Plaintiff's allegations sufficient to proceed against Hepp, O'Donnell, and Kinnard for an Eighth Amendment conditions of confinement claim.

3.  **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment conditions of confinement claim against Defendants Hepp, O'Donnell, and Kinnard for denying Plaintiff the ability to exercise.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to pay the initial partial filing fee, ECF No. 9, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to notify the officer in charge of remaining balance of PLRA filing fee to be deducted from Plaintiff's release account, ECF No. 10, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff may pay the remaining $292.64 balance of the filing fee from his release account;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Hepp, O'Donnell, and Kinnard**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D.

Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 25th day of March, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.