# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MYRON A. GLADNEY,

        Plaintiff,

v.

RANDALL R. HEPP, CYNTHIA O'DONNELL, and SCOTT KINNARD,

        Defendants.

Case No. 24-CV-1452-JPS

**ORDER**

    Plaintiff Myron A. Gladney, an inmate confined at Kettle Moraine Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On September 15, 2025, Plaintiff filed a motion to compel discovery. ECF No. 17. Plaintiff indicates that he attempted to meet and confer with Defendants on this issue in accordance with the local rules. *Id.* Defendants did not respond to Plaintiff's motion. On October 23, 2025, Plaintiff filed a reply brief and requested his reasonable costs associated with bringing the motion to compel. ECF No. 22. On October 29, 2025, the Court ordered Defendants to promptly file a response. ECF No. 24. On October 30, 2025, Defendants filed a brief in opposition, ECF No. 25, and a joint motion for an extension of time to extend the deadlines in this case, ECF No. 26.

    Defendants admit that they failed to timely respond to Plaintiff's discovery requests before Plaintiff filed the motion to compel due to miscommunications and staff personal issues. ECF No. 25 at 1. After Plaintiff filed the motion to compel, Defendants responded to Plaintiff's

discovery requests. *Id.* However, due to mailing issues with Plaintiff's institution, Defendants also admit that Plaintiff had yet to receive the discovery materials prior to filing his reply brief. *Id.* Defendants now argue that the motion to compel is moot and that sanctions are not warranted because "there is no evidence the Defendant has willfully abused the judicial process or conducted litigation in bad faith and [Plaintiff] has not been prejudiced by Defendant's mistake." *Id.* at 2. Defendants further request to extend the scheduling order deadlines in order for Plaintiff to conduct additional discovery after reviewing Defendants' discovery.

The Court will deny Plaintiff's motion to compel because Defendants indicate they have provided the discovery in question, and the issue is now therefore moot. However, the Court will award Plaintiff his reasonable expenses in bringing the motion to compel under Federal Rule of Civil Procedure 37. In regard to Plaintiff's request for reasonable costs, Defendants' argument misses the mark. The Court agrees with Defendants that there is no evidence that they abused the judicial process or of bad faith to warrant sanctions under the Court's inherent authority. However, Defendants make no argument as to why they should not pay Plaintiff's reasonable expenses under Rule 37. Initially, when conduct could be adequately sanctioned under the Federal Rules of Civil Procedure or a specific statute, a court should generally rely on those rules or statute to impose sanctions rather than on its inherent authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). Here, Rule 37 provides adequate authority, and Plaintiff bases his request on this rule, *see* ECF No. 22 at 2.

Under Rule 37(a)(5)(A), if a motion to compel is granted "or if the disclosure or requested discovery is provided after the motion was filed— the court must, after giving an opportunity to be heard, require the party …

Page 2 of 5
Case 2:24-cv-01452-JPS    Filed 11/07/25    Page 2 of 5    Document 27

whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Proc. 37(a)(5)(A); *see also, e.g.*, *Gevas v. Wexford Health Sources*, No. 20 C 50146, 2021 WL 5795308, at *8 (N.D. Ill. Dec. 7, 2021). The fee-shifting is automatic: if discovery is provided after the motion was filed a court *must* require the party to pay the movant's reasonable expenses and attorney's fees incurred in making the motion unless : (1) the motion was filed before the parties attempted to resolve their discovery dispute without court intervention; (2) the opposing party's nondisclosure, responses, or objections were substantially justified; or (3) other circumstances make the award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). The rule "presumptively requires every loser to make good the victor's costs," *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994), and the burden is on Defendants to prove that one of the Rule 37 exceptions applies. *See Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 327 (N.D. Ill. 2009).

Here, Defendants admit that they did not respond to discovery until after Plaintiff filed the motion to compel. Rule 37(a)(5)(A) therefore applies. Defendants make no argument as to why Rule 37's exceptions apply and they therefore fail to meet their burden. Nonetheless, the Court briefly considers the possible three exceptions for a more complete analysis. The first exception does not apply because there is no indication that Plaintiff failed to attempt to resolve this issue without the Court's intervention; Defendants admit that they provided the requested discovery only *after* Plaintiff filed the motion to compel.

Second, the Court does not find that Defendants' failure to respond to discovery was substantially justified. A party's resistance to discovery is

substantially justified if there is a "genuine dispute," or if "reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). This is not a case where Defendants objected to Plaintiff's discovery requests on a reasonable basis; Defendants simply did not respond to Plaintiff for months despite his follow-up requests. The Court therefore does not find that Defendants' failure to respond to discovery was substantially justified.

Third, the Court does not find that ordering reasonable costs to Plaintiff in this instance would be unjust. Whether the imposition of sanctions would be "unjust" is within the broad discretion of the district court. *Trs. of Chicago Reg'l Council of Carpenters Pension Fund v. Drive Constr., Inc.*, 2022 WL 16635554, at *4 (N.D. Ill. Nov. 2, 2022). Here, Plaintiff is an incarcerated individual, and he very likely has limited financial resources. As a result of Defendants' failure to respond to discovery, he was forced to pay the costs associated with bringing the motion to compel. The Court recognizes that Defendants' failure to respond was a mistake and there is no evidence of bad faith. However, the Court finds that justice requires that the Defendants bear the cost of their own mistake, and not the other way around. If Defendants did not have to bear the costs created by their own deficient production, there would be little reason for them not to repeat their behavior in the future. This is especially true here, where the resources of an incarcerated pro se plaintiff pale in comparison to the resources of the Wisconsin Department of Justice.

As such, the Court finds that Defendants have not met their burden of proving they fit into one of Rule 37(a)(5)(A)'s exceptions and thus, applies the presumptive fee-shifting in favor of Plaintiff. The Court will

therefore grant Plaintiff's request for an award of his reasonable expenses associated with bringing his motion to compel.

Finally, the Court will grant the parties' joint motion to extend the deadlines in this case. Defendants' failure to timely provide discovery would likely prejudice Plaintiff without an adjustment to the deadlines in this case. As such, the Court extends the current deadlines as follows: discovery must be completed on or before **January 5, 2026** and summary judgment motions must be filed on or before **March 6, 2026**.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel, ECF No. 17, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's request for an award of his expenses associated with bringing his motion to compel, ECF No. 22, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the parties' joint motion for an extension of time, ECF No. 26, be and the same is hereby **GRANTED**; Discovery must be completed on or before **January 5, 2026** and summary judgment motions must be filed on or before **March 6, 2026**.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge